**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04281-NYW

CESAR FERNANDO RODRIGUEZ LATORRE,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,

Respondent.

---

## ORDER

---

This matter is before the Court on Petitioner's Motion to Enforce October 8, 2026 Habeas Order and For Immediate Release Under Court-Ordered Conditions (the "Motion" or "Motion to Enforce"). [Doc. 16]. Respondent has responded to the Motion. [Doc. 18]. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Petitioner Cesar Fernando Rodriguez Latorre ("Petitioner" or "Mr. Latorre"), a citizen of Colombia, entered the United States in June 2022 and has lived in the country ever since. [Doc 1-1 at 1]. On or about June 13, 2026, Mr. Latorre was detained by ICE, and he remains in custody at the ICE Aurora Contract Detention Facility. [*Id.*; Doc. 1 at 1–2]. On October 8, 2026, this Court determined that Petitioner was detained pursuant to 8 U.S.C. § 1226(a), such that he was entitled to a bond hearing. [Doc. 11 at 6]. The Court granted Mr. Latorre's habeas Petition and ordered Respondent to provide Petitioner a constitutionally adequate bond hearing at which the Government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence. [*Id.* at 8].

A bond hearing was held on October 15, 2026. [Doc. 16 at 7]. The immigration judge (or "IJ") denied bond upon concluding that "DHS met its burden to prove by a preponderance of the evidence, [Mr. Latorre] does pose a risk of flight risk that no amount of bond can mitigate." [*Id.* at 10]. In her explanation, she stated:

> The Court finds [Mr. Latorre] does present a risk of flight by a preponderance of the evidence.
>
> To start, the Court considers [Mr. Latorre's] possible eligibility for relief. On August 14, 2026, an Immigration Judge denied [Mr. Latorre's] I-589, Application for Asylum, Withholding of Removal, and Protection Against Torture and ordered [Mr. Latorre] removed to Colombia. [Mr. Latorre] has appealed this decision to the BIA. [Mr. Latorre] testified in Court today that he would not be willing to return to Colombia if he was unsuccessful with his BIA appeal.
>
> The purpose of an immigration bond is to ensure that [Mr. Latorre] will appear at future hearings for removal, if so ordered. Currently, [Mr. Latorre] has no future hearings with the Court. [Mr. Latorre's] limited options to lawfully remain in the United States and the speculative likelihood that an appeal be granted substantially increase his flight risk because he has little incentive to appear for his removal.

[*Id.* at 9 (citations omitted)].

Petitioner argues that the IJ "expressly applie[d] a preponderance-of-the-evidence standard to make the decisive finding that [his] continued detention is necessary." [Doc. 16 at 1]. Respondent does not contest this position, stating instead that he "is not submitting a brief in opposition to the Motion," so he "recognize[s] that the Court may then decide to grant the Motion and award appropriate relief." [Doc. 18 at 1]. Respondent says that the appropriate relief would be an order that releases Petitioner. [*Id.*].

## ANALYSIS

Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may

set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Whether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).

Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond decision," the Court may "assess[] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). In this Order, the Court does not weigh the evidence before the immigration judge or act as an appellate court conducting a review of the IJ's ultimate determination. Instead, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026).

"[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "The due process requirement that the nature and duration of confinement bear some reasonable relation to the purpose of the individual's

commitment necessarily means the bond decision must be individualized." *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, 839 F. Supp. 3d 1170, 1183 (M.D. Ga. Apr. 6, 2026); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, [a noncitizen] . . . has the right to an individualized determination of his or her interests." (cleaned up)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ 'must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community.'" *de Souza Almeida v. Lowe*, No. 4:26-cv-01750, 2026 WL 2943125, at *3 (M.D. Pa. Sept. 30, 2026) (quoting *Santos v. Lowe*, No. 1:18-cv-01553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)).

Mr. Latorre argues that the IJ applied the incorrect burden of proof standard [Doc. 16 at 1], and the Court agrees. In her bond decision, the IJ stated that Mr. Latorre presents "a risk of flight by a preponderance of the evidence" because Petitioner's applications for asylum and withholding of removal were denied and Petitioner has been ordered removed to Colombia. [*Id.* at 10]. Not only did the IJ use the wrong burden of proof, contrary to this Court's order ("the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence"), [Doc. 11 at 8], but the IJ's reasoning "would seemingly preclude bond in any case involving detained individuals with removal orders and/or asylum denials." *Singh v. Baltazar*, No. 26-cv-01947-NRN, 2026 WL 2077483, at *2 (D. Colo. July 17, 2026). "The existence of a removal order does not obviate the IJ's obligation to make an individualized determination," *Farias-Ortega v. Soto*, No. 25-cv-17848-RK, 2026 WL 2671677, at *4 (D.N.J. Sept. 10, 2026), and by relying on the mere fact that Mr. Latorre is in removal proceedings, the IJ created "a categorical presumption of flight risk, which is the opposite of an individualized assessment."

*D.Y.E.H.*, 2026 WL 1230386, at *5. Applying the incorrect burden of proof as well as the IJ's categorical approach do not comply with due process requirements.

Indeed, the immigration judge made no mention of any circumstances that are particular to *Mr. Latorre* at all. *See* [Doc. 16 at 9-10]. "Although an IJ is not required to discuss ad nauseum every piece of evidence, she still has an obligation to give reasoned consideration to the evidence as a whole, make supportable findings, and adequately explain her reasoning." *Motylev v. Strafford Cnty. Dep't of Corr.*, No. 1:26-cv-00103-SE-AJ, 2026 WL 2516939, at *2 (D.N.H. Aug. 5, 2026) (cleaned up). The IJ's failure to use the correct burden of proof and to address Petitioner's specific circumstances, relying instead on what is essentially a presumption of flight risk that could be assigned to a great number of immigration detainees, "indicate[s] an absence of the individualization required by due process." *Lopez*, 830 F. Supp. 3d at 1368; *see also Farias-Ortega*, 2026 WL 2671677, at *4 (collecting cases and recognizing that courts have "ruled that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk based solely on the existence of a removal order and failed to consider a petitioner's individual circumstances"). Because the IJ did not require the Government to bear the burden of proof by clear and convincing evidence and did not make the individualized determination that due process requires, the Motion to Enforce is **GRANTED**.

Turning to the appropriate relief, Mr. Latorre asks for an order granting him immediate release "under such reasonable conditions as this Court determines." [Doc. 16 at 1, 4]. Respondent concedes that "[i]f the Court does grant the Motion, Respondent submits that the Court should issue an order that releases the Petitioner." [Doc. 18 at 1].

The Court finds that immediate release is appropriate under the circumstances of this case. In its prior order, the Court directed Respondent to provide Petitioner a constitutionally adequate bond hearing and ordered that, if Petitioner was not given "a bond hearing under 8 U.S.C. § 1226(a) as required herein, [he] must be immediately released from detention." [Doc. 11 at 8]. As such, even after this Court ruled that Petitioner's constitutional rights had been violated because he was detained without a bond hearing, *see* [*id.* at 6], his due process rights were violated *again* at the bond hearing. In this case, the Court finds that immediate release is appropriate and warranted. *See e.g., Quiroz Zacarias*, 2026 WL 1092162, at *5 (ordering another bond hearing and risking third constitutional violation "would only add further insult to the constitutional injury to which Petitioner has already been subjected."); *Singh*, 2026 WL 2077483, at *3 (ordering the petitioner's immediate release in similar circumstances); *de Souza Almeida*, 2026 WL 2943125, at *6 (same).

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's "Motion to Enforce October 8, 2026 Habeas Order and For Immediate Release Under Court-Ordered Conditions" [Doc. 16] is **GRANTED**;

(2) Respondent **SHALL RELEASE** Mr. Latorre within **48 hours** of the entry of this Order **with all his personal belongs, without being subject to any conditions beyond any conditions of supervision or release that existed prior to the current detention, and without re-detention prior to the entry of a final order of removal unless Respondent**

**demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Petitioner is a danger to the community or flight risk;**

(3) On or before **November 16, 2026**, Respondent shall file a status report confirming Mr. Latorre's release and informing the Court whether further proceedings are required in this case.

DATED: November 13, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge